JOHN DILS *v.* WM. ADKINS ET AL.

**Judgment by Confession.**

Where an insolvent person suffers judgment to be rendered against him by his confession, in contemplation of insolvency and with the purpose to prefer some creditors to the exclusion of others, such act operates as an assignment of all his property for the benefit of all of his creditors.

**New Trial for Errors.**

When an error is committed by the trial court, a party against whom it is committed can not have the error passed upon by the Court of Appeals, without first bringing the matter before the trial court by motion for a new trial and giving that court an opportunity to correct the error.

APPEAL FROM PIKE CIRCUIT COURT.

October 27, 1881.

OPINION BY JUDGE HARGIS:

During appellant's absence from the county in 1861, his wife, acting as his agent, brought and caused an attachment to issue for $2,291.67, with interest, against William Adkins, who was alleged to have so concealed himself that a summons could not be served upon him, with the fraudulent intent to cheat, hinder and delay his creditors.

Summons was issued but not served until November, 1865. The attachment was levied by delivering to Mrs. Adkins a copy and posting one upon the home tract of the lands of the defendant, which consisted of several tracts aggregating about 1,200 acres. It was not returned nor the levy written until the December term, 1865, when the deputy sheriff who levied it signed the return, written by appellant's attorney, and delivered the attachment to the clerk.

This case was set for trial upon the sixth day of that term, but

on the fifth day thereof the appellant filed in court the following writing executed to him by Adkins, viz.: "The papers of this case in the attachment of J. Dils are just and not to be contested by me," and on that day took judgment by confession for the amount of his claims and sustaining the attachment. Within six months thereafter the appellee, Hamilton, filed his petition in equity, alleging the above facts and that Adkins was insolvent, and had suffered the judgment aforesaid in contemplation of insolvency and with the design to prefer the appellants to the exclusion of his other creditors.

The allegations of the petition with reference to the suit, attachment, levy and return, and the confession of judgment, were admitted; but the averments intended to bring the case within the statute against fraudulent conveyances in contemplation of insolvency were denied.

It appears that appellant agreed to give to the wife of Adkins $300 for her dower interest. Adkins testified that the appellant promised to do so if he would sign the paper named above, and the appellant denied that he made the offer to procure its execution. That Adkins was insolvent when he confessed and suffered the judgment to be rendered against him, there can be no doubt.

The Act of March 2, 1862, which was then and is now in force, declares that the mere suffering of a judgment, in contemplation of insolvency, with the design to prefer some to the exclusion of other creditors, shall operate as an assignment. The suffering of the judgment by Adkins was the first fact in this case which the statute makes necessary in order to sustain the action. It is admitted, and the court held such an act to be constructively fraudulent, if coupled with insolvency and a design by the debtor to prefer the creditor in whose favor the judgment was rendered. *Letcher v. Stagner,* 2 Duv. (Ky.) 423.

It is insisted that the judgment would have been rendered even if the confession had not been made by Adkins. This cannot be known to us, and the argument to show that it would have followed from the condition of the case assumes that Adkins would have made no defense because he agreed to the judgment and admitted its justice. If that assumption be true, then there was no necessity whatever for the appellants obtaining Adkins' written statement that the cause was just and he did not intend to contest it. Besides this, the statute could, according to argument, be

rendered wholly negatory in every case by the creditor showing that his debt was just, and a judgment would necessarily have followed without the debtor's confession.

Suffering judgment on a just claim, or confessing the facts alleged in the petition, or the grounds of an attachment whereby a creditor secures a judgment earlier than he otherwise would have done, or perfects a doubtful or incomplete lien, are within the denunciation of the statute, which is intended to render illegal the favoring act of an insolvent debtor by which some of his creditors are advanced and aided in securing a preference over others. Adkins was insolvent by reason of continued and accumulating indebtedness from the year 1855, and the facts of this case show that he must have known his condition was insolvent when he confessed judgment in favor of the appellant.

He is presumed to have known from his insolvency, if nothing else, that his act, evidenced by the writing signed by him, had the effect to give to the appellant a complete lien on his land, and consequently a preference to the exclusion of his other creditors, who were without liens, and a legal advantage over them. As he, like all men, is presumed to contemplate the necessary consequence of his own act, he must have designed to prefer the appellant to his other creditors as this is the necessary result of his confession of the judgment. *Thompson v. Heffner's Exrs.*, 11 Bush (Ky.) 353; *Applegate v. Murrill,* 4 Met. (Ky.) 22; *Temple v. Poyntz,* 2 Duv. (Ky.) 276. We are therefore of the opinion that the act of Adkins was within the letter and spirit of the statute.

It does not matter whether the appellant participated in his effort to prefer him, or knew of Adkins' insolvency, because the object of the statute was to prevent an insolvent debtor from making preference among his creditors, and to cause his estate to be equitably distributed among all of them.

The warning order directs the nonresidents to appear within 60 days from its date, which is not the length of time required by Myers' Code (1867), § 88, to be given a nonresident to appear and answer. There must be given 60 days which will expire before the first day of the next term at which the nonresident is warned to defend the action. In this case the warning order confines the nonresident within 60 days from its date to appear and defend. The nonresident defendants were not warned a sufficient length

of time to appear, nor were they warned to appear in the action on the first day of the next term of court beginning more than sixty days from the time of making the order, and hence were not constructively summoned a sufficient length of time to authorize judgment against them.

But rendering judgment before the action stood for trial was a clerical misprision of the clerk which furnishes no ground for an appeal until it shall have been presented and acted upon in the court below. As no motion was made to correct the judgment for this error the appellant, who complains of the error and had the opportunity of presenting and having it acted on by the circuit court, but failed to do so, can not successfully maintain the error as a ground of his appeal.

It is difficult to see how he is prejudiced by this misprision of the clerk, as his own interest made it his duty, as much as it was the duty of the appellees, to have Adkins' heirs, who are not appellants, properly before the court. No party can commit an error which can be remedied in the circuit court, and appeal from its judgment for such error without first presenting that court an opportunity to correct the mistake. No process from this court has been sought or served in any manner upon the heirs of Adkins, and the judgment as to them cannot be looked into.

The exception to the deposition of Adkins was properly overruled, because the certificate of the officer shows that Adkins read and subscribed the deposition in his presence, and this was equivalent to the deposition being read to Adkins before he signed it, by the officer.

Rendering the judgment in both cases at the same time and ascertaining the rights of the parties in each was an order of consolidation itself, and unless some prejudice were shown to appellant, resulting from hearing the cases together, we are of the opinion that he cannot complain.

Judgment *affirmed.*

*Reid & Stone, for appellant.*

*G. W. Brown, for appellees.*